IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANNY EUGENE ETHERLY,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　)　　　CV 04-996-PA
　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　)　　　OPINION AND ORDER
　　　　　　　　　　　　　　　　)
STATE OF OREGON, et al.,　　　 )
　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　 )

**PANNER, J.**

Plaintiff Danny Etherly brings this 42 U.S.C. § 1983 action against various prison officials. All claims concern events that transpired during his incarceration at Snake River Correctional Institution. Defendants now move to dismiss all claims except those for excessive force.

**A.　Claim Concerning Legal Papers & Property**

Plaintiff alleges that while he was in segregation, his legal papers were seized and ransacked. At least two items vanished, a 3-ring binder and a large bag, each containing legal documents. Those items apparently were never returned to Plaintiff or otherwise accounted for (though he does refer in his

1 - OPINION AND ORDER

Complaint to a "confiscation slip" that potentially could shed further light on this).

Defendants initially moved to dismiss this claim on the theory that Plaintiff had failed to exhaust the administrative grievance procedure. Defendant subsequently conceded that particular procedure was inapplicable to this claim.

Defendants now contend the claim should be dismissed because, they say, "[a] loss of property issue does not rise to the level of a constitutional deprivation," citing <u>Parratt v. Taylor</u>, 451 U.S. 527, 543-44 (1981).

The issue in <u>Parratt</u> was the *negligent* loss of an inmate's property. <u>Parratt</u> does not prevent a prisoner from seeking redress in a federal court for the *deliberate* theft or destruction of his property. The Complaint asserts a pattern of such conduct, and suggests it is retaliatory, not accidental.

I therefore deny Defendant's motion to dismiss on that ground. Nevertheless, another potentially fatal flaw appears on the face of the Complaint. The property claim is asserted against "Defendant John Doe." Complaint, ¶ 195. To prevail (or even to maintain) a § 1983 action, Plaintiff must plead and prove which prison official performed the malicious acts. Section 1983 does not authorize general liability against the prison system, or the State, or the warden, simply because a subordinate acted improperly. <u>See</u> <u>Jones v. Williams</u>, 297 F.3d 930, 943 (9th Cir. 2002). Nor does § 1983 apply to negligent conduct, for instance, if the property was misplaced or the official mistakenly believed

it was abandoned, providing the state has a procedure for filing a claim for compensation.  Parratt, 451 U.S. at 543-44. Plaintiff must also show that the challenged actions were not taken for legitimate penological purposes.  See Turner v. Saffley, 482 U.S. 78 (1987).  Those are daunting obstacles.  The claim, at least as presently pled, does not meet that standard.

I therefore dismiss this claim.  Plaintiff may, within 60 days, file an amended complaint naming the specific person or persons who allegedly took his property, and otherwise plead a valid § 1983 claim for the alleged deliberate theft or destruction of his property.  Plaintiff is reminded that when a Complaint is amended, the new document must be complete in itself.  In other words, he cannot simply file a page to be inserted in the existing complaint; the entire document must be replaced with the new version, and captioned as an Amended Complaint.

**B.  Due Process Claims**

The claims against Defendant Powell were voluntarily dismissed by Plaintiff.  That resolves paragraphs 190 and 192. Paragraph 191 asserts that Jean Hill, the Superintendent of Snake River, refused to overturn Plaintiff's "disciplinary conviction," despite her knowledge of certain alleged due process violations. Plaintiff contends this "constituted deliberate indifference and further denied" him due process.

"Deliberate indifference" usually refers to conditions of confinement, physical abuse, or unmet medical needs.  That

standard isn't applicable here. As for procedural due process, the Fourteenth Amendment does not guarantee a particular outcome, only certain basic procedural rights.

The record contain documents indicating that, after the alleged assault and prior to the disciplinary hearing, Plaintiff repeatedly tried to get prison officials to preserve and produce videotapes of the altercation, which he said would prove his innocence regarding the disciplinary charges. Superintendent Hill was among the people he attempted to contact. <u>See</u> kytes dated November 3, 4, and 28, 2003, and January 28 & 29, 2004. The inquiry reportedly was forwarded to a "B. Cain" to prepare a response. It is unclear if a response was received.

Plaintiff apparently did not appeal the finding that he had violated the prison disciplinary rules, nor did he file an appeal alleging violations of the procedures governing such hearings. It would appear, at least from this record, that Plaintiff was given a copy of the prison rules, including the appeals procedure, about the time of the disciplinary hearing. He has not asserted that he was unaware of the proper procedure for filing such appeal, or was prevented from doing so. Nor is there any evidence that Plaintiff attempted to appeal, but the prison rejected his appeal as untimely. <u>Cf.</u> <u>Ngo v. Woodford</u>, 403 F.3d 620 (9th Cir. 2005) (inmate exhausted all available remedies when prison refused to consider his appeal on ground it was untimely).

Accordingly, Plaintiff failed to exhaust his available administrative remedies. This claim therefore is barred by the

4 - OPINION AND ORDER

Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

In addition, Plaintiff has not pointed to anything that shows Superintendent Hill had the authority to grant his request. The Disciplinary Rules appear to give the Inspector General authority to grant or deny appeals. OAR 291-105-0073.

Finally, Paragraph 194 asserts that Defendant Wayne submitted a report that falsely accused him of calling her a "bitch" and telling her "You'll be sorry." Wayne's report also accused Plaintiff of refusing to obey orders, and sought to justify the actions of several guards who repeatedly "placed [him] on the ground." This, among other things, led to disciplinary charges that resulted in loss of 21 days. This paragraph appears to be an effort to relitigate the merits of the disciplinary hearing, by asserting that this witness gave false testimony. That does not state a cognizable claim.[1]

**C.   Medical Claim**

Plaintiff has voluntarily dismissed the claims against defendants Shelton and Hodge, who were the only defendants on this claim. In addition, I previously concluded it was very unlikely that Plaintiff would prevail on a deliberate indifference claim for denial of a physical therapy session. He received spinal fusion surgery, x-rays for his back, an MRI,

---

[1] Austin v. Terhune, 367 F.3d 1167 (9th Cir. 2004), is distinguishable. The claim recognized by the Circuit in Austin was for retaliation against an inmate who reported, or threatened to report, staff misconduct. The false report and disciplinary charges were merely the means the guard allegedly used to implement the retaliation. Those facts are not alleged here.

medications, and numerous medical examinations. He also reportedly is due to be released shortly, at which time he can obtain physical therapy outside prison. This claim is now out of the case.

**D.    <u>Excessive Force Claims</u>**

Defendants do not contend that Plaintiff failed to exhaust his administrative remedies as to these claims. The case will go forward as to those claims.

## Conclusion

Defendants' Motion (docket # 64) to Dismiss is granted in part and denied in part. This case will go forward on the excessive force claims. Plaintiff also may file, within 60 days, an Amended Complaint identifying the specific person or persons who allegedly stole or destroyed his property, and that otherwise satisfies the requirements to state a Fourteenth Amendment claim.

All other claims are dismissed.

IT IS SO ORDERED.

DATED this ___3rd_____ day of August, 2005.

/s/ Owen M. Panner
_____
OWEN M. PANNER
U.S. DISTRICT COURT JUDGE