FILED'06 AUG 17 14:44USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DANNY EUGENE ETHERLY, | ) | |
| | ) | |
| Plaintiff, | ) | CV 04-996-PA |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| STATE OF OREGON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PANNER, J.**

Plaintiff Danny Etherly brings this 42 U.S.C. § 1983 action against various prison officials. All claims concern events that transpired during his incarceration at Snake River Correctional Institution. Defendants now move for summary judgment on all claims. The Amended Complaint alleges that:

1. Plaintiff was beaten, without cause, by Defendants King, Grove, and McDowell, and sustained serious injury.

2. Following the assault, prison officials refused to treat his injuries or to make a written record of his complaints regarding the beating and the injuries sustained.

3. He was wrongly compelled to purchase, from the prison, plastic boxes for storing legal papers in place of the cardboard

1 - OPINION AND ORDER

storage boxes previously permitted (which he already had).

4. His legal papers were ransacked, and some papers stolen or destroyed, under the guise of a "property reduction."

A. **Eleventh Amendment**

As Defendants surely know, the Eleventh Amendment does not bar Plaintiff's claims against the defendants, in their individual capacities, for violating his federal constitutional rights. Hafer v. Melo, 502 U.S. 21 (1991). Defendants' assertions to the contrary are frivolous.

However, Plaintiff's state law tort claims are barred by the Eleventh Amendment, and may be heard only in a state court. His claims against the State of Oregon are likewise barred. The State is not a proper defendant in a § 1983 action, nor can it be sued in federal court under the Oregon Tort Claims Act.

B. **Respondeat Superior**

Defendants move to dismiss the claims against Jean Hill, on the theory that the claims are "based on her supervisory capacity alone." That motion is denied. The Amended Complaint alleges actions and omissions by Hill in response to communications from Plaintiff addressed to Hill. The Amended Complaint also alleges injury due to policies and rules promulgated by Hill.[1]

C. **Qualified Immunity**

Defendants contend they are entitled to qualified immunity because "Plaintiff's excessive force claims depend on his

---

[1] I previously dismissed certain other claims against Hill, for either failure to exhaust remedies or to state a claim.

2 - OPINION AND ORDER

unsubstantiated claim that several corrections officers used force against him without provocation." Memorandum in Support of Summary Judgment, pp. 10-11. Defendants then argue that "while there is a clear discrepancy between plaintiff's version of the events and those of defendants," the court should believe their version of what transpired because "Plaintiff's allegation are simply not sufficiently credible . . . ." Id., p. 15.

It is elementary that the court cannot evaluate credibility or resolve factual conflicts on a motion for summary judgment. Accordingly, this is not a sufficient basis to grant the motion.[2]

## Conclusion

Defendants' Motion (# 80) for Summary Judgment is granted in part and denied in part. The claims against the State of Oregon, and any state law tort claims, are barred by the Eleventh Amendment and may be heard only in state court. The remainder of the motion is denied, at least on the grounds asserted.

IT IS SO ORDERED.

DATED this ___7___ day of August, 2006.

/s/ Owen M. Panner
Owen M. Panner
United States District Judge

---

[2] Plaintiff did not file a response to the summary judgment motion, but the record contains other documents (such as sworn declarations) giving his version of events.

3 - OPINION AND ORDER