```
                  IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON

DANNY EUGENE ETHERLY,           )
                                )
                Plaintiff,      )    CV 04-996-PA
                                )
     v.                         )    OPINION AND ORDER
                                )
STATE OF OREGON, et al.,        )
                                )
                Defendants.     )
```

**PANNER, J.**

Plaintiff Danny Etherly brings this 42 U.S.C. § 1983 action against various prison officials.  All claims concern events that transpired during Etherly's incarceration at Snake River Correctional Institution.

Defendants first moved to dismiss this action on an assortment of grounds.  I dismissed most claims, but permitted Etherly's excessive force claims to go forward.  Defendants next moved for summary judgment on all remaining claims.  I ruled that the state law claims could not be asserted in federal court, but permitted the federal law claims to go forward.

/ / / /

1 - OPINION AND ORDER

Defendants now try another tact to get this case dismissed, this time relying upon the "fugitive disentitlement doctrine." Plaintiff allegedly violated the terms of his state post-prison supervision by failing to report to his parole officer.  A warrant was issued for his arrest.  Defendants immediately rushed to file a motion to dismiss the case, asserting that "[i]t has come to my attention that the plaintiff is a fugitive from justice and has absconded parole supervision."  Only eight days elapsed from the time the warrant was issued, until Defendants sought to use that warrant to get this case dismissed.

## Discussion

This is one of multiple cases in this district in which the Oregon Department of Justice recently has sought to utilize the fugitive disentitlement doctrine as justification to dismiss civil rights claims filed by former prisoners.  The doctrine is far narrower than Defendants suggest.  Four decisions were cited in Defendants' brief.  In three of those cases, the court refused to apply the doctrine.  Two of the decisions refusing to invoke the doctrine were from the Supreme Court. <u>Ortega-Rodriguez v. United States</u>, 507 U.S. 234 (1993); <u>Degen v. United States</u>, 517 U.S. 820 (1996) (unanimously reversing the Ninth Circuit).

"The [fugitive disentitlement] doctrine is equitable, not jurisdictional," hence its "application is discretionary." <u>United States v. Gonzalez</u>, 300 F.3d 1048, 1051 (9th Cir. 2002). The doctrine is a 'severe' sanction that we do not lightly impose.  <u>Degen</u>, 517 U.S. at 828.

"The paradigmatic object of the [fugitive disentitlement] doctrine is the convicted criminal who flees while his appeal [from that conviction] is pending." Antonio-Martinez v. Immigration and Naturalization Service, 317 F.3d 1089, 1092 (9th Cir. 2003). In that circumstance, flight may render the resulting judgment unenforceable, and the appeal assumes a "heads I win, tails you'll never find me" quality. Id. Courts are reluctant to waste judicial resources on such appeals, or to write what may amount to advisory opinions. The adversarial process can also be impaired, because an attorney may have little incentive to vigorously litigate the appeal of a client who has fled the country. Parretti v. United States 143 F.3d 508, 511 (9th Cir. 1998) (en banc).

There is a moral overtone as well. One who invokes the jurisdiction of the court must be willing to abide by its decision if he loses. It is sometimes said that the appellant, by fleeing, has disobeyed the challenged judgment of imprisonment, thereby forfeiting his right to contest that judgment on appeal.

The fugitive disentitlement doctrine has been applied in some civil contexts, particularly immigration. Antonio-Martinez, 317 F.3d at 1092. The rationale for applying the doctrine is similar. There usually is little to be gained by adjudicating a deportation order when the subject of the order has fled.

After reading numerous opinions from the federal courts regarding this doctrine, certain principles stand out.

3 - OPINION AND ORDER

First, before invoking the fugitive disentitlement doctrine, federal[1] courts generally require a nexus between the proceeding to be dismissed and the fugitive status. Walsh v. Walsh, 221 F.3d 204, 215 (1st Cir. 2000). That nexus exists when a criminal defendant flees while the appeal from his conviction is pending, or when an alien flees while the appeal from her deportation order is pending. In the present case, Defendants have not identified any nexus between Etherly's alleged violation of post-prison supervision and his claims of being subjected to excessive force while in prison. In addition, since Etherly is the Plaintiff, there is little risk that a judgment adverse to Etherly will be unenforceable (other than perhaps an award of costs, but he is indigent anyway). Nor have Defendants pointed to any judgment of this court that Etherly has disobeyed by allegedly fleeing.

Second, the dismissal and fugitive status must be contemporaneous. Federal courts rarely invoke the fugitive disentitlement doctrine if the person is no longer a fugitive. Id. See also Ortega-Rodriguez, 507 U.S. at 244-51 (most justifications underlying fugitive disentitlement doctrine no longer apply if person is back in custody); Antonio-Martinez, 317 F.3d at 1092, n.3 ("This is not a case where a missing appellant is subsequently located"); Katz v. United States, 920 F.2d 610, 613 (9th Cir. 1990) ("We will not . . . make the disentitlement

---

[1] The states may have different rules governing their own proceedings.

4 - OPINION AND ORDER

doctrine apply when the person seeking judicial relief is no longer a fugitive"), *abrogated on other grounds by* Lozada v. Deeds, 964 F.2d 956 (9th Cir. 1992).[2]

Etherly is no longer a fugitive, assuming he ever was. Upon making inquiry through law enforcement sources, this court was informed that Etherly spent the past few months in an Oregon jail. The court deferred acting on this motion, in the expectation that Defendants--who are represented by the Oregon Department of Justice--would quickly notify the court of that development. Defendants never did.

Third, courts generally require clear evidence that the person to be sanctioned has fled or is in hiding. See Bhasin v. Gonzales, 423 F.3d 977 (9th Cir. 2005) (Board of Immigration Appeals abused discretion by dismissing appeal under fugitive disentitlement doctrine; there was insufficient evidence the appellant had received notice to report for removal). Cf. Antonio-Martinez, 317 F.3d at 1093 ("Antonio-Martinez has been gone for well over two years. By all appearances, he is not coming back"); Parretti, 143 F.3d at 510-11 (undisputed that defendant has fled the country).

In Gonzalez, the Ninth Circuit rejected the government's suggestion to invoke the fugitive disentitlement doctrine. "The

---

[2] A rare exception is United States v. Sudthisa-Ard, 17 F.3d 1205 (9th Cir. 1994). The appellant fled during trial and was not recaptured for 13 years. By then, most of the court file and evidence had been destroyed. The government would be unable to retry the defendant if his conviction were reversed on appeal. The court dismissed the appeal to prevent the defendant from profiting from his flight.

5 - OPINION AND ORDER

record does not establish that Gonzalez was ever a fugitive at all, just that he didn't comply with his conditions of probation . . . . The purposes of the fugitive disentitlement doctrine would not be furthered by applying it here. The doctrine does not apply to an appellant just because he has not reported as directed to the probation office, in the absence of a showing that he has fled or hidden himself from the jurisdiction of the court." Gonzalez, 300 F.3d at 1051.

Here, the Defendants offer little more than an allegation that Etherly violated the terms of his state post-prison supervision by failing to report to his parole officer. The document Defendants furnished to the court also indicates that Etherly was a transient, hence his present whereabouts were unknown. The officer therefore sought a warrant through an *ex parte* proceeding requiring only "probable cause" to support, a lower standard than even a preponderance of the evidence. This is a far cry from establishing that Etherly "has fled or hidden himself from the jurisdiction of this court." Id.

Defendants make no effort to identify any prejudice they sustained as a result of the brief period during which Etherly may have been a fugitive. For instance, Defendants do not contend they were unable to depose Etherly, nor could they make such argument. The discovery deadline expired long ago.

Finally, some judicial decisions have reasoned that the fugitive disentitlement doctrine may have a deterrent effect on those who might be tempted to flee. However, the Supreme Court

6 - OPINION AND ORDER

has cautioned that while there is a measure of rough justice in saying that the fugitive must take the bitter with the sweet, in some instances such justice would be "too rough."  Degen, 517 U.S. at 829 (lower court erred by striking answer in criminal forfeiture action after defendant, who had dual citizenship, chose to remain in Switzerland rather than return to the United States to face criminal charges).  See also Walsh, 221 F.3d 204 (refusing to dismiss appeal by father, who sought return of children his estranged wife had taken from him, notwithstanding father had fled to Ireland to avoid criminal charges in the United States); Katz, 920 F.2d at 613 (observing that flight is already punishable as a separate crime, and may result in a higher sentence, and questioning the added deterrent effect of dismissing appeal).

In the present case, the deterrence argument is particularly attenuated, given the absence of any relationship between Plaintiff's alleged flight and the present civil action.  Defendants might as well be asking to have this action dismissed as a sanction for an unrelated violation of prison rules by the Plaintiff, or as punishment for committing new crimes.

If Etherly violated his state post-prison supervision by failing to report as ordered, the state courts will mete out any appropriate punishment.  To dismiss this action, on such slender grounds, would merely confer a windfall upon Defendants.

/ / / /

/ / / /

7 - OPINION AND ORDER

## **Conclusion**

Defendants' Motion (docket # 105) to Dismiss this action by reason of the fugitive disentitlement doctrine is denied.

IT IS SO ORDERED.

DATED this 19th day of February, 2007.

>                         /s/ Owen M. Panner
>                         _____
>                         Owen M. Panner
>                         United States District Judge